L. Kristopher Rath (5749)
HUTCHISON & STEFFEN, LLC
Peccole ProfessionalPark
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
(702) 385-2500 Telephone
(702) 385-2086 Facsimile
krath@hutchlegal.com

*Attorneys for Plaintiff
Percept Technologies, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

PERCEPT TECHNOLOGIES INC.,

    Plaintiff,

    v.

FOVE, INC.

    Defendant.

CASE NO.: 2:15-cv-2387

COMPLAINT

**JURY DEMAND**

Plaintiff Percept Technologies Inc. ("Percept") complains of Defendant Fove, Inc. ("Fove") as follows:

JURISDICTION AND VENUE

1. Title 28 of the United States Code Section 1338(a) confers subject matter jurisdiction on this Court because Defendant has infringed Plaintiff's patent. The Patent Act of 1952, as amended, 35 U.S.C. § 271, *et seq.*, makes patent infringement actionable through a private cause of action.

2. Defendant has transacted business in the State of Nevada, and in this judicial district by making, using, selling, or offering to sell and providing technology and services that violate Percept's patent. For example, Defendant via its website allows users to sign up for exclusive pre-order offers of its products, at http://www.getfove.com/#/joinwaitlist (last visited November 19, 2015). Defendant also advertises its products on Facebook, at https://www.facebook.com/foveinc/ (last visited November 19, 2015). Both websites are accessible from this district. Defendant has attended trade shows in this district, including the 2015 CES. Accordingly, this Court has personal jurisdiction over Defendant.

- 1 -

3. Venue is proper in the District of Nevada under the general federal venue statute, 28 U.S.C. § 1391(d), and under the specific venue provision relating to patent-infringement cases, 28 U.S.C. § 1400(b).

## PARTIES

4. Percept is a Nevada corporation with its principal place of business at 10080 W. Alta Drive, Suite 200, Las Vegas, NV 89145. Percept is the assignee of and owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 9,010,929 ("the '929 Patent"), entitled Digital Eyewear. The '929 Patent issued April 21, 2015.

5. Defendant is a Delaware corporation with its principal place of business at 1062 Folsom Street, San Francisco, California 94103. Defendant has previously and is presently making, using, selling, offering for sale, and/or importing into the United States digital eyewear products that directly infringe one or more claims of the '929 Patent. Defendant has also infringed the '929 Patent through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

## BACKGROUND

6. Percept is the owner of patent rights which cover commercially significant technologies involving an eyewear structure and a method of providing eyewear that enhance the use of eyewear. The eyewear enhancement provided by the '929 Patent include 1) media focals which use imaging techniques to improve the vision of the user and convey a variety of types of information; 2) telecommunications enhancements that allow the eyeglasses to be integrated with telecommunication devices such as cell phones; and/or 3) entertainment enhancements, such as gaming and social communication, as well as those that allow the eyewear to be integrated with devices such as MP3 players or radios.

7. The sole inventor of the '929 Patent is Dr. Scott W. Lewis, a multimedia pioneer and technology visionary who has 20 issued U.S. Patents and dozens pending or in development. Dr. Lewis was educated at the Massachusetts Institute of Technology, Oxford University, and Harvard Business School. He is the founder of several technology companies, including Percept.

8. Defendant designs, manufactures, offers for sale, uses and teaches the use of the features of at least claims 7 and 10 of the '929 Patent through its eye tracking virtual reality headset. Defendant's headsets incorporate a variety of media focal and entertainment/multimedia enhancements. Specifically, Defendant's

- 2 -

headsets include a virtual reality environment that supports gaming, immersive entertainment, social communication, external device and robotic control, and education. Defendant's headsets enable a traditional mouse, keyboard or controller to be replaced entirely with eyesight. Defendant's headset is eyewear comprising a frame member, a lens, circuitry within the frame member for enhancing the use of the eyewear, an eye sensor coupled to the frame member, the eye sensor activating the circuitry responsive to eye motion of a user, wherein the circuitry provides media focal and multimedia information. Accordingly, these eye tracking virtual reality headsets infringe the '929 Patent.

9. On August 3, 2015, Percept's attorneys, on behalf of Percept, sent a Notice of Infringement to Defendant, informing Defendant of its infringement of at least claims 7 and 10 of the '929 Patent through its eye tracking virtual reality headset. The Notice of Infringement included an infringement claim chart for the '929 Patent, a copy of the '929 patent, and a license offer to abate Defendant's infringement. The August 3, 2015 Notice of Infringement was sent via Federal Express to the address listed on Defendant's website, 1062 Folsom Street, San Francisco, California 94103, at http://www.getfove.com/contact/ (last visited November 19, 2015). The 1062 Folsom Street address on Defendant's website is the same address as that provided in California's Business Search directory, at http://kepler.sos.ca.gov/ (last visited November 19, 2015) (there, Defendant's status is listed as ACTIVE with a filed date of February 4, 2015, and entity number C3752574).

10. The August 3, 2015 Notice of Infringement was returned to Percept's attorneys as undeliverable.

11. On August 10, 2015, Percept's attorneys, on behalf of Percept, emailed a Notice of Infringement to Defendant's co-founders, Yuka Kojima (yuka.kojima@fove-inc.com) and Lochlainn Wilson (lochlainn.wilson@fove-inc.com). The email Notice of Infringement included an infringement claim chart for the '929 Patent, a copy of the '929 patent, and a license offer to abate Defendant's infringement. Neither Ms. Kojima nor Mr. Wilson responded to the email Notice of Infringement.

12. On October 30, 2015, Percept's attorneys sent a follow-up email to Ms. Kojima and Mr. Wilson. They did not respond to this follow-up email.

13. Defendant's continued and ongoing infringement is and has been reckless, without objective basis, and willful.

- 3 -

PATENT INFRINGEMENT

14. Defendant has infringed and continues to infringe at least claims 7 and 10 of the '929 Patent in violation of 35 U.S.C. § 271 through, among other activities, making, using (for example by testing), offering to sell, and/or selling its eye tracking virtual reality headset. Defendant has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Defendant has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C § 271(c), by among other things offering to sell the above-mentioned products, which are not staple articles or commodities of commerce capable of substantial non-infringing use.

15. Defendant's infringing technology includes without limitation its eye tracking virtual reality headset. Defendant's infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Defendant.

16. Defendant has sold, offered for sale, and used its accused products infringing at least claims 7 and 10 of the '929 Patent. Defendant has directly infringed and is directly infringing the '929 Patent.

17. Defendant's users (including those at product demonstrations) also directly infringe the '929 Patent when using Defendant's eye tracking virtual reality headset. Each of Defendant's users is a third-party direct infringer. When one such third-party direct infringer uses Defendant's eye tracking virtual reality headset, that constitutes an act of direct infringement. Defendant knows that these acts constitute infringement, and induces that infringement via, for example, website promotional materials[1] and product demonstrations.[2]

18. Defendant has known of the '929 Patent at least as early as August 10, 2015, the date Percept's attorneys sent the email Notice of Infringement to Defendant on Percept's behalf. Accordingly, from at least August 10, 2015 onwards, Defendant specifically intended and encouraged its users and customers to infringe the '929 Patent because it knew that its eye tracking virtual reality headset includes all the elements of asserted claims 7 and 10. In particular, Defendant's headset is eyewear comprising a frame member, a lens, circuitry within the frame member for enhancing the use of the eyewear, an eye sensor coupled to the frame member, the eye sensor activating the circuitry responsive to eye motion of a user, wherein the circuitry provides media focals and

---

[1] http://www.getfove.com/ (last visited November 19, 2015)
[2] https://www.youtube.com/watch?v=gLNZyC67Srw (last visited November 19, 2015)

multimedia information. Defendant offered to sell, has been offering to sell, used the headsets, and has been using the headsets with knowledge that they infringe the '929 Patent. Because Defendant had knowledge of the '929 Patent, it knew that its test-user's acts of using Defendant's eye tracking headsets with enhancements constituted acts of infringement. Defendant thereby has induced and is inducing infringement of the '929 Patent.

19. Defendant has sold, offered to sell, and/or imported a material part of the invention constituting the '929 Patent. Specifically, Defendant has sold and offered to sell its eye tracking virtual reality headset in infringement of the '929 Patent. Defendant also imports technology that is used to manufacture the infringing eye tracking virtual headsets. Since at least as early as August 10, 2015, the date of the email Notice of Infringement, Defendant knew that the accused headsets were patented, and were especially made, adapted and designed for use in infringement of the '929 Patent. The infringing eye tracking virtual reality headsets and their components are not staple articles or commodities of commerce capable of substantial noninfringing use. Defendant thereby has contributorily infringed and is contributorily infringing the '929 Patent.

20. As a direct and proximate consequence of Defendant's direct infringement, contributory infringement and/or inducement to infringe, Percept has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

21. Defendant's direct infringement, contributory infringement and/or inducement to infringe will continue to injure Percept, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale and/or offer for sale of products or services that come within the scope of the '929 Patent.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and LR 38-1 of Local Rules for the United States District Court for the District of Nevada, Percept demands a trial by jury on all issues presented that can properly be tried to a jury.

///

///

REQUEST FOR RELIEF

THEREFORE, Percept asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A. An award of damages adequate to compensate Percept for the infringement that has occurred, together with prejudgment interest from the date infringement began and postjudgment interest;

B. All other damages permitted by 35 U.S.C. § 284;

C. A permanent injunction prohibiting further direct infringement, inducement and contributory infringement of the '929 Patent; and

D. Such other and further relief as this Court or a jury may deem proper and just.

Dated: December 15, 2015      Respectfully submitted,

Percept Technologies Inc.

By: /s/ L. Kristopher Rath
L. Kristopher Rath (5749)

krath@hutchlegal.com
Hutchinson & Steffen, LLC
Peccole Professional Park
10080 West Alta Drive
Suite 200
Las Vegas, Nevada 89145
Tel: 702-385-2500
Fax: 702-385-2086
**Attorney for Plaintiff**
**Percept Technologies Inc.**